

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN


U.S. District Court
Wisconsin Eastern
SEP - 9 2020
FILED
Clerk of Court

Christian Pressley,

    Plaintiff,

Vs.

Case No. TBD

**20-C-1404**

Ozaukee County Wisconsin,

    Defendant,

## CLAIM WITH JURY DEMAND

Now here comes Plaintiff Pro Se,

### I. INTRODUCTION

This is a civil claim for damages with jury demand filed by Christian Pressley, a resident of Grafton WI alleging civil rights violations in contradiction to The Wisconsin Constitution Section 3, United States Constitution Amendment 1 and 14, and 42 USC 1983 by the Defendant.

### II. JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims as the actions by the defendants that are alleged by the Plaintiff to cause injury took place in the Eastern District of Wisconsin.
2. The injuries to the Plaintiff by the Defendant are of Federal Civil Rights violations and therefore under the prevue of Federal District Courts.

### III. PARTIES

3. The Plaintiff, Christian Pressley is currently a resident of Grafton WI and was as well during the events of this case.
4. Defendant Ozaukee County is a county government in the state of Wisconsin.
5. John Doe (being sued in his personal and official capacity) is an employee of Ozaukee County.

### IV. FACTS

6. Plaintiff has a Facebook.com account as a civilian or "personal account".
7. Defendant, Ozaukee County has an agency, Ozaukee County Sherriff Department that has a Facebook account that is a "public government account" that other Facebook users similarly situated with the Plaintiff are allowed to, or have Equal Access to comment on and provide "reviews" and "likes" and other forms of public interaction on the Defendants Facebook page.
8. Defendant Ozaukee County is the governmental suable entity that is responsible for the actions of the agency, Ozaukee County Sherriff Department.
9. Plaintiff provided public comments and a review on the Defendants Facebook page.
10. Defendant did delete posts and comments on the Defendants Facebook page made by the Plaintiff and blocked or took physical action preventing the Plaintiff from providing any type of interactions by "blocking" or "restricting" interactions from the Plaintiffs personal Facebook account.
11. Plaintiff, subsequent the Plaintiffs action of deleting posts made by the Plaintiff on the Ozaukee County Sherriff official Facebook page, has attempted numerous times to post and

make comments on the Ozaukee County Sherriff Department Facebook page but was unable due to the Defendants actions of "blocking" or "restricting" the Plaintiffs ability to do so.

12. The months of January thru September 2020, the Plaintiff did attempt numerous times to post and make comments on the Ozaukee County Sherriffs Department Facebook page but was unable due to the Defendants actions of "blocking" or "restricting" the Plaintiffs ability to do so.

13. August 2020, Defendant Ozaukee County Sherriff Department provided by way of open records request, information and or notification that the Defendant had "blocked" or "restricted" the Plaintiff from engaging in Equal Access on the Defendants Facebook page back in January 2020.

14. Defendant, subsequent the Open Records Request in August, or subsequent the filing of this suit, has not reversed its action denying the Plaintiff Equal Access to the Defendants Government Facebook Page by "unblocking" or "unrestricting" the Plaintiff on Facebook.

15. Ozaukee County has a Policies and Procedures 337.2 regarding official county social media accounts.

> "The Ozaukee County Sheriff's Office may use social media as a method of effectively informing the public about office services, issues, investigations and other relevant events. Office members shall ensure that the use or access of social media is done in a manner that protects the constitutional rights of all."

16. Defendant has obtained no injunction or other due process in a Court of Law regarding the posts made by the Plaintiff or having "blocked", or "restricted" the Plaintiff's ability to engage in Equal Access on Facebook, regarding the Defendants Facebook page.

17. August 23rd 2020, within 90 days of the Defendants denial of Equal Access, the Defendant, Ozaukee County Clerk was informed of the Plaintiffs intent to file this Claim in compliance of Wisconsin law.

18. Plaintiffs discovery and confirmation of the Defendants actions of "blocking" or "restricting" the Plaintiff from Equal Access to the Defendants Facebook page did not take place until August 12th 2020.

## V. CLAIMS FOR RELIEF

19. The actions of Defendant intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page was a violation of my Rights under the Wisconsin Constitution. Wisconsin Constitution Section 3. *"Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press."* I posted complaints and reviews that were not favorable to the Defendant. I claimed abuse of power by the Defendant and other various grievances as is my Right. The Defendant violated that Right when they deleted my posts and "blocked" or "restricted" me from further expressions of free speech.

20. The actions of Defendant John Doe intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page was a violation of my Rights under Ozaukee County Policy 337.2 "The Ozaukee County Sheriff's Office may use social media as a method of effectively informing the public about office services, issues, investigations and other relevant events. Office members shall ensure that the use or access of social media is done in a manner that protects the constitutional rights of all."

21. The actions of Defendant intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page was a violation of my Rights under the United States Constitutions Rights to Free Speech and Equal Access. I posted complaints and reviews that were not favorable to the Defendant. I claimed abuse of power by the Defendant and other

various grievances as is my Right. The Defendant violated that Right when they deleted my posts and "blocked" or "restricted" me from further expressions of free speech.

22. The actions of Defendant intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page denies me the same rights that the public at large who have Facebook accounts, are similarly situated with myself; who are not denied the ability to make comments and review the Defendants Facebook page.

23. The actions of Defendant intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page was done intentionally with malice, without due process in a Court of Law denying my Right to Due Process under the Wisconsin and United States Constitutions.

24. The actions of Defendant, acting in their official capacity, intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page without obtaining an injunction or other form of due process, was an act that the Defendant knew was in excess of the Defendants lawful authority or which the Defendant knew the Defendant is forbidden by law to do in the Defendants official capacity. Wisconsin Statute 946.12 (2)

25. The actions of Defendant, acting in their official capacity, exercising a discretionary power, intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page without obtaining an injunction or other form of due process, was inconsistent with the official duties of the Defendant, violating my rights with intent to obtain a dishonest advantage for the Defendant.

26. Plaintiffs posts on the Defendants Facebook page were an act in compliance with the United States Constitution's First Amendment and as well protected by the US 14th Amendment.

27. The actions of Defendant intentionally removing my posts and "blocking" or "restricting" me from their public Facebook page without due process was and is a violation of United States 42 USC 1983 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

## VI. RELIEF REQUESTED

1. Issue a declaratory judgement stating that:

    a. The Plaintiff, by the Defendants actions, was wrongfully denied the Right to Free Speech as afforded by the Wisconsin Constitution.
    b. The Plaintiff, by the Defendants actions, was wrongfully denied the Right to Free Speech as afforded by the United States Constitution.
    c. The Defendant did act in contradiction to the Wisconsin Statute for Misconduct in Public Office by acting in a manner that exceeded their authority.

2. Provide injunctive relief that the Plaintiff have Equal Access to the Defendants Facebook Page.

3. Award Compensatory and or punitive damages in the following amounts:

    a. $25,000.00 for the loss of civil rights suffered.
    b. $25,000.00 for loss of societal benefits suffered.
    c. $25,000.00 for the emotional distress suffered.
    d. $25,000.00 for the loss of societal standing suffered.
    e. $25,000.00 for the loss of enjoyment suffered.

4. Grant any other relief as it may appear that plaintiff is entitled

5. Discovery may cause additional requests for relief or an amendment of those requested.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed *Christian Pressley* on 9/8/2020 [electronically signed]

Respectfully Submitted,

*Christian Pressley_* [electronically signed]

Christian Pressley
Plaintiff Pro Se
414.881.9599
1930 Edgewater Dr. Grafton, WI. 53024