UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTIAN D. PRESSLEY,

      Plaintiff,

v.

      Case No. 20-cv-1404-pp

OZAUKEE COUNTY, and JOHN DOE,

      Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 14), DENYING WITHOUT PREJUDICE DEFENDANT'S RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION FOR PROTECTIVE ORDER (DKT. NO. 19) AND DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 22)**

On September 9, 2020, the plaintiff filed a complaint against Ozaukee County and John Doe alleging that someone had been deleting his posts and blocking his access to the Ozaukee County Sheriff's Facebook page. Dkt. No. 1. The plaintiff alleged that the defendants had violated his rights under Ozaukee County Policy, the Wisconsin Constitution, the First and Fourteenth Amendments to the United States Constitution and Wis. Stat. §946.12(2). After defendant Ozaukee County had filed its answer, dkt. no. 5, the plaintiff paid the filing fee.

The court gave the parties a deadline of February 15, 2021 by which to amend their pleadings. Dkt. No. 12. On March 24, 2021, the plaintiff filed a motion for leave to file an amended complaint, seeking to name three additional defendants. Dkt. No. 14-1. The defendant opposed the motion, dkt. no. 16, the plaintiff filed his reply brief, dkt. no. 17, and the defendant filed an

1

unauthorized sur-reply brief, dkt. no. 18 ("Ozaukee County's Reply to Plaintiff's Response to Ozaukee County's Opposition to Motion for Leave to File").

Soon thereafter, the defendant filed a Rule 7(h) expedited, non-dispositive motion for a protective order, asserting that the plaintiff was attempting to depose two individuals who were not named defendants and that the format of the proposed deposition did not comply with the rules. Dkt. No. 19. The plaintiff responded that the two individuals were named in the proposed amended complaint and that he would record the deposition himself, without a stenographer. Dkt. No. 21.

On September 30, 2021, the defendant filed a motion for summary judgment. Dkt. No. 22. The plaintiff filed two response briefs, dkt. nos. 29, 30, a declaration, dkt. no. 31, his own proposed findings of fact, dkt. no. 32, and a supplemental brief, dkt no. 33. After the defendant filed its reply, dkt. no. 34, the plaintiff filed a "second supplemental response" (which was really his fourth response), dkt. no. 35.

### I.      Plaintiff's Motion for Leave to File Amended Complaint (Dkt. No. 14)

After the deadline set by the court for amending the pleadings, the plaintiff filed a motion for leave to file an amended complaint. Generally, the court evaluates a motion for leave to amend a complaint under Federal Rule of Civil Procedure 15(a)(2). See Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). Under that standard, courts should freely grant a moving party leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). At the same time, Fed. R. Civ. P. 16(b)(2) requires the court to issue a scheduling order as soon as practicable; Rule 16(b)(3)(A) requires the scheduling order to limit the time for amending the pleadings. When the deadline for amending pleadings expires, a party may file an untimely, amended pleading only by

2

demonstrating good cause to modify the scheduling order and only with the court's consent. Fed. R. Civ. P. 16(b)(4). The "good cause" standard primarily considers the diligence of the moving party. MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 994 F.3d 869, 878 (7th Cir. 2021) (citations omitted) (applying "good cause" in the motion to amend pleadings context). Delay alone is not a sufficient reason to deny a proposed amendment; to defeat an untimely motion to amend, the non-moving party must show a lack of diligence coupled with another reason for denial, such as prejudice to the non-moving party. See George v. Kraft Foods Global, Inc., 641 F.3d 786, 789-791 (7th Cir. 2011). This showing is especially necessary where a grave inequity could result if the court does not allow the amendment. See King v. Kramer, 763 F.3d 635, 644 (7th Cir. 2014).

The plaintiff has requested the extension because he is a "full-time college student with 18 credits of courses, running a full time construction company among the complications that the pandemic has created." Dkt No. 14. Although the motion itself doesn't identify the basis for the amendment, id., the attached proposed amended complaint adds three additional parties: Chantel Engel, Timothy Nelson and Sheriff James Johnson. Dkt. No. 14-1 at 2. The plaintiff alleges that Engel was the office assistant and the "actual cause of the plaintiff being denied equal access to the Defendants OSCD Facebook Page." Id. at ¶11. Engel allegedly deleted the plaintiff's posts on the defendant's page. Id. at ¶¶15, 16. Nelson allegedly had oversight of Engel and has responsibility for the Facebook page. Id. at ¶12. Johnson allegedly had oversight of Nelson. Id. at ¶13.

The defendant opposes the motion, asserting that the plaintiff has not met the good cause standard of Rule 16(b)(4). Dkt. No. 16. The defendant says

that the plaintiff knew of these individuals through an open records request in August 2020 and could have named them as defendants when he filed the complaint on September 9, 2020. Dkt. No. 1. The defendant says the plaintiff has offered no excuse other than his own busy schedule. Id. at 1. The defendant also opposes the motion because it asserts that the claims against the individual employees are improper. Id. at 4. It argues that the plaintiff has made no allegations regarding Johnson or Nelson's personal involvement other than they were Engel's supervisors. Id. It also argues that an official capacity claim against any of these individuals constitutes a suit against the county. Id. (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)). It asserts that any claims against these individuals in their official capacity are redundant. Id. (citing Smith v. Metro Sch. District Perry Twp., 128 F.3d 1014, 1020, n.3 (7th Cir. 1997)).

In his reply brief, the plaintiff gives additional reasons for his delay. Dkt. No. 17. He says he was sick for a month in July of 2020 with Covid, he lost two employees, his new employee had Covid, he was on the dean's list, he carried a full case load and he had other legal matters that demanded his attention. Id. at 1 (citing Pressley v. City of Milwaukee, Case No. 20-cv-1048). The plaintiff asserts that he does not believe he would have failed to adhere to the schedule if these were "better times" and the nation was not "dealing with such historic challenges." Id. The plaintiff says that the three individual defendants are essential to the case. Id. at 2. He asserts that Engel was identified in the defendants' interrogatories as having engaged in the conduct at issue and that she is no longer employed by the County. Id. He alleges that Nelson and Johnson are responsible for the continuing action. Id.

Although the defendant filed a "reply to plaintiff's response to Ozaukee County's opposition to motion for leave," dkt. no. 18, the court will not consider

4

Case 2:20-cv-01404-PP    Filed 03/25/22    Page 4 of 11    Document 37

the unauthorized filing. The rules do not contemplate a sur-reply brief and the defendant did not seek leave to file one.

While one could argue that by filing the motion to amend six months after he filed his complaint, the plaintiff was not reasonably diligent, the court finds that he has stated good cause. The defendant says the plaintiff's "own allegedly busy schedule" never can constitute good cause, but the plaintiff also explained that he had had Covid prior to filing the complaint and that he lost two employees due to Covid. The plaintiff filed the motion a little over a month after the court-imposed deadline. Any delay beyond that is a result of this court's docket, not the plaintiff's lack of diligence. While the defendant argues that it has been prejudiced by the extra time needed to serve the defendants, file responsive pleadings, extend current deadlines and the increased costs and expenses associated with the delay, dkt. no. 16 at 3, the parties had five months remaining to conduct discovery at the time the plaintiff filed the motion.

Even with good cause, a court may deny leave to file an amended complaint under Rule 15(a)(2) because of: (1) undue delay, bad faith, or dilatory motive on the movant's part; (2) repeated failure to cure deficiencies by prior amendments; (3) undue prejudice to the opposing party; or (4) the proposed amendment's futility. See Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 855 (7th Cir. 2017) (internal citations omitted). The defendant argues that the proposed amendment has no merit because the plaintiff fails to allege personal involvement and because suits against the individuals in their personal capacities are suits against the defendant.

Under 42 U.S.C. §1983, a "government official 'is only liable for his or her own misconduct.'" Taylor v. Ways, 999 F.3d 478, 493 (7th Cir. 2021). There is

5

no such thing as *respondeat superior* (supervisory) liability for government officials under §1983. Id. A supervisor is liable only if he or she is personally involved in the alleged violation. Id. Personal involvement requires that the supervisor "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." Id. (quoting Matthews v. City of E. St. Louis, 675 F.3d 703, 707 (7th Cir. 2012)). There must be some "causal connection or affirmative link between the action complained about and the official sued" under an individual liability theory. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995).

The plaintiff alleges that Nelson, "being the business manager for the Ozaukee County Sheriff's Department, was responsible for the oversight of Defendant Chantel Engel, and has been reported by the Ozaukee County Sheriff's Department, as being responsible for the management of the OCSD Facebook Page." Dkt. No. 14-1 at ¶12. He sues Johnson as Nelson's supervisor. Id. at ¶13. The proposed amended complaint contains no other allegations of personal involvement by Johnson or Nelson; in his reply brief, however, the plaintiff says that Nelson and Johnson are the two individuals who continued "the injurious action." Dkt. No. 17 at 2. He elaborates on this in his opposition to the defendant's motion for protective order, where he explains that Nelson and Johnson took control of the Facebook page after Engel left her employment with the county and that neither individual "unblocked" the plaintiff. Dkt. No. 21 at 1, 2. He asserts that up until that point, Engel had made the decision to delete the plaintiff's posts and block his access. Dkt. No. 14-1 at ¶11. The court concludes that the plaintiff may plausibly allege personal involvement by each of the three individuals with respect to deleting, or restricting the plaintiff's

6

ability to post on, the Ozaukee County Sheriff's Department Facebook page before and after Engel left her employment.

While the plaintiff may proceed with his claims against the defendants in their *individual* capacities, *official* capacity claims constitute suit against the government entity for which the individual works. Hill v. Shelander, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)). The plaintiff alleges that the Ozaukee County Sheriff's Department maintains an official government Facebook page that allows the public to post comments, dkt. no. 14-1 at ¶9, and that the Department has an official policy governing social media accounts, id. at ¶20. The plaintiff further alleges that the Department has a policy governing social media accounts but that the Department lacks the authority to block a member of the public. Id. at ¶21. Because a suit against a governmental official in his official capacity is treated as a suit against the official's employing governmental entity, "district courts routinely dismiss official capacity claims against individuals as 'redundant' where the appropriate municipality is also named." Comsys, Inc. v. City of Kenosha Wis., 223 F. Supp. 3d 792, 802 (E.D. Wis. 2016). The court finds that the plaintiff's proposed claims against these individuals in their official capacities would be redundant because the plaintiff already has named Ozaukee County as a defendant.

The court will allow the plaintiff to amend the complaint for the sole purpose of naming the three defendants in their *individual* capacities.

## II. Defendant's Rule 7(h) Motion for Protective Order (Dkt. No. 19)

On July 27, 2021, the defendant filed a Rule 7(h) motion for protective order, citing Fed. R. Civ. P. 26(b), (c) and (d), and 28(a), 30(b) and 45(d). Dkt. No. 19 at 1. The motion asserts that the plaintiff had sent deposition notices

for Johnson and Nelson to the defendant's attorney. Id. In the deposition notices, the plaintiff said he would record the depositions but that there would be no stenographer or individual to administer the oath. Id. The defendant insists that depositions must be taken by an officer of the court or someone authorized to administer oaths. Fed. R. Civ. P. 28(a) and 30(b)(5). Id. at 2. In addition, the defendant argues that the plaintiff has not demonstrated a need to depose Johnson. Id. at 2. Finally, the defendant asserts that any connection to Johnson or Nelson is too attenuated for their testimony to provide additional or crucial evidence. Id. at 3. According to the defendant, any evidence is available through other sources such as written discovery requests. Id. at 4.

The plaintiff responds that while they weren't parties, he has named Johnson and Nelson in his proposed amended complaint. Dkt. No. 21 at 1. The plaintiff says that it is his understanding, through interrogatories, that Johnson and Nelson took control of the Facebook page after Engel left. Id. While the plaintiff says that he was supposed to be "unblocked," he asserts that neither Johnson nor Nelson unblocked him and that refusal gives rise to an alleged civil rights violation. Id. at 1-2. The plaintiff asserts that if he records the deposition and the defendant's attorney acts as the officer of the court, he will be complying with the rule. Id. at 3. Finally, the plaintiff denies that Rule 7(h) exists. Id.

Civil Local Rule 7(h) of the Eastern District of Wisconsin *does* exist. It is contained within the Local Rules for the Eastern District of Wisconsin, which are located on the court's website. https://www.wied.uscourts.gov/sites/wied/files/documents/Local_Rules_2010-0201_Amended_2022-0103.pdf. Rule 7(h) governs the court's expedited, non-dispositive motion practice and allows a party to file a motion for non-dispositive relief, not to exceed three pages. Civil

L.R. 7(h) (E.D. Wis.). The court expects all parties who litigate in the Eastern District of Wisconsin to comply with the court's local rules. General L.R. 1.

Additional rules apply to the defendant's motion. Fed. R. Civ. P. 26(c)(1) allows a party to move for a protective order, provided the party includes a certification "that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). The defendant's motion does not contain such a certification. The Declaration of Andrew Goldner states only that the plaintiff sent the notices of deposition and that an email chain ensued in which the plaintiff said he would be recording the deposition himself and had not secured anyone to administer the oath. Dkt. No. 20. The email chain is not the equivalent of a certification stating that the parties have conferred and made a good faith effort to resolve the dispute. The court will deny the motion without prejudice.

Going forward, the plaintiff should be aware that Fed. R. Civ. P. 30 permits the noticing party to state in the notice whether the deposition will "be recorded by audio, audiovisual, or stenographic means." Fed. R. Civ. P. 30(b)(3). "The noticing party bears the recording costs." Fed. R. Civ. P. 30(b)(3)(A). Rule 30(b)(5)(A) states: "Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A). Rule 28(a)(2) defines the officer as "a person appointed by the court under this rule or designated by the parties under Rule 29(a)." Fed. R. Civ. P. 28(a)(2). Under Rule 29(a), "[u]nless the court orders otherwise, the parties may stipulate that: (a) a deposition may be taken before any person . . . , and in the manner specified—in which event it may be used in the same way as any other deposition." Fed. R. Civ. P. 29(a). Some

9

persons are disqualified from acting as a deposition officer. For example, "[a] deposition must not be taken before a person who is any party's relative, employee, or attorney; or who is financially interested in the action." Fed. R. Civ. P. 28(c).

### III. Defendant's Motion for Summary Judgment (Dkt. No. 22)

The defendant filed a motion for summary judgment on the grounds that, among other things, the plaintiff failed to satisfy the notice requirement under Wis. Stat. §893.80(1d)(a); the plaintiff failed to state a Monell claim; the defendant's actions were content neutral and a reasonable time, place and manner restriction; and there was no violation of the plaintiff's due process rights. Dkt. No. 24. The defendant argued that the court should dismiss any individual claims based on qualified immunity. Id. at 22. The plaintiff responded with no less than four briefs (dkt. nos. 29, 30, 33 and 35), but noted that he had requested leave to amend and was waiting on an order from the court. Dkt. No. 29 at 5.

The court will deny the defendant's motion without prejudice; the defendant may reinstate the motion after the parties have been joined and the court conducts a status conference. The court warns the plaintiff that the rules permit only *one* brief in opposition to a summary judgment motion, as outlined in the notice provided to the plaintiff by the defendant. The plaintiff may file *one* memorandum of law in opposition to the motion, along with a concise response to the statement of facts separately responding to each paragraph with citations to evidence in the record. Civil L.R. 56(b)(2)(A)-(C).

### IV. Conclusion

The court **GRANTS IN PART** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 14.

10

The court **ORDERS** that by the end of the day on **April 22, 2022**, the plaintiff must file a new amended complaint adding defendants Engel, Johnson and Nelson in their individual capacities only. The plaintiff must file the amended complaint in time for the court to *receive* it by the end of the day on April 22, 2022. The amended complaint must stand alone and may not incorporate the prior pleading by reference. If the court does not receive an amended complaint by the end of the day on **April 22, 2022**, the September 9, 2020 original complaint will serve as the operative complaint.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for protective order. Dkt. No. 19.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for summary judgment. Dkt. No. 22. If the plaintiff timely files an amended complaint, the defendant may file a new motion for summary judgment based on the claims in that complaint. If the plaintiff does not timely file an amended complaint, the defendant may renew its original summary judgment motion. The plaintiff should consult Federal Rule of Civil Procedure 56 and Civil Local Rule 56 before responding to any motion for summary judgment.

Dated in Milwaukee, Wisconsin this 25th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**